UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA L. REYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RADCLIFF,<br><br>　　　　Defendant. | No.  2:15-cv-0556-GEB-KJN PS<br><br><br><br>ORDER |

　　　　Plaintiff Victoria Reyes, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

　　　　The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff vaguely alleges that, on November 21, 2014, defendant Radcliffe, who is presumably some type of law enforcement officer with an unspecified government agency, responded to plaintiff's home with a gun based on noise complaints. Plaintiff claims that she is afraid of defendant and would like to "get a petition for writ of habeas corpus." She asserts that

1  she is homeless, and that she and her boyfriend, Ralph Mendez, have previously been stopped by
2  the police and asked where they slept.  Plaintiff further alleges that Radcliffe had previously
3  arrested her husband, Jose Reyes, and expresses concern that she does not want to become a
4  target due to the fact that Radcliffe purportedly dislikes plaintiff's husband.  (See ECF No. 1.)

5  Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient
6  facts from which the court can draw a reasonable inference that a constitutional violation or some
7  violation of a federal statute occurred.  Furthermore, because plaintiff does not appear to be
8  incarcerated or on parole, plaintiff cannot conceivably obtain a writ of habeas corpus.  Finally,
9  plaintiff also does not adequately identify defendant, and by which government agency defendant
10 is allegedly employed.  Nevertheless, in light of plaintiff's *pro se* status, and because it is at least
11 conceivable that plaintiff could allege additional facts to potentially state a claim, the court finds
12 it appropriate to grant plaintiff an opportunity to amend the complaint.

13 If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
14 Complaint"; shall clearly identify defendant and the government agency by which defendant is
15 employed; shall clearly identify the type of claim brought and outline the specific factual
16 allegations in support of that claim; shall specify the relief sought; and shall be typed or written in
17 legible handwriting.

18 Importantly, nothing in this order requires plaintiff to file a first amended complaint.  If
19 plaintiff concludes that she is unable to state a viable claim or no longer wishes to pursue this
20 action, she may instead file a notice of voluntary dismissal of the action without prejudice.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
23 2. Plaintiff's complaint is dismissed, but with leave to amend.
24 3. Within 28 days of this order, plaintiff shall either (a) file a first amended complaint in
25    accordance with the requirements of this order or (b) file a notice of voluntary
26    dismissal of the action without prejudice.
27 4. Failure to file either a first amended complaint or a notice of voluntary dismissal by
28    the required deadline may result in the imposition of sanctions, including potential

1  dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure
2  41(b).
3  IT IS SO ORDERED.
4  Dated: March 23, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE