UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA L. REYES, | No. 2:15-cv-0556-GEB-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RADCLIFF, | |
| Defendant. | |

On March 24, 2015, the court dismissed plaintiff's original complaint with leave to amend. (ECF No. 3.) In that order, the court granted plaintiff 28 days to either (a) file a first amended complaint or (b) file a notice of voluntary dismissal of the action without prejudice. (Id.) Plaintiff was specifically cautioned that failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.) However, plaintiff ultimately failed to file either a first amended complaint or a notice of voluntary dismissal by the required deadline; nor did plaintiff request an extension of time to comply with the court's order.

Consequently, on April 27, 2015, the court issued an order and order to show cause. (ECF No. 4.) In that order, the court noted that it had considered whether the action should be

1

dismissed.  (Id.)  Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court found it appropriate to first attempt lesser sanctions in the form of an order to show cause and monetary sanctions.  (Id.)  More specifically, the court ordered plaintiff, based on plaintiff's failure to comply with the court's prior order and failure to prosecute her case, to: (1) pay the Clerk of Court $100.00 in monetary sanctions[1]; (2) show cause in writing why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and (3) file a first amended complaint no later than 28 days from the date of the order and order to show cause.  (Id.)  Plaintiff was cautioned that failure to timely comply with the order would result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Although the applicable deadline has now passed, plaintiff failed to pay the monetary sanctions, respond to the order to show cause, or file a first amended complaint.  Therefore, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

---

[1] Because the court was fully cognizant of the fact that plaintiff is proceeding *in forma pauperis*, the amount of monetary sanctions imposed was minimal.

rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute her case by filing an amended complaint have unreasonably delayed the progress of this litigation. The third Ferdik factor also favors dismissal. Although the defendant has not yet appeared in the case, he has been named in a civil action, and plaintiff's failure to file an amended complaint that can be

3

served on the defendant has also hampered defendant's ability to move this case forward towards resolution.

Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal. As noted above, the court has already attempted less drastic sanctions – monetary sanctions and the issuance of an order to show cause – prior to recommending dismissal. Plaintiff was also granted an extension to file an amended complaint. However, plaintiff ultimately failed to pay the sanctions, failed to respond to the order to show cause, and failed to file an amended complaint. Furthermore, the court finds no suitable alternative to dismissal at this juncture. Given plaintiff's complete failure to respond to the court's prior orders and instructions, the imposition of further monetary sanctions would be futile, and the court is unable to frame any meaningful issue or evidentiary sanctions based on the limited record before it.

Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute her case. In any event, the court finds that the fourth Ferdik factor is outweighed by the other Ferdik factors.

Consequently, dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

4

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: May 29, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE